## J. H. BELL *v.* W. L. MITCHESON.

**Appeal—Erroneous Admission of Evidence—Presumption.**

The erroneous admission of evidence of claims which appear to have been excluded in a prior settlement, is not ground for reversal, as it must be presumed that the court in making up his judgment did not consider the incompetent testimony.

**Witnesses—Correction of Testimony by Witness.**

A witness who avows his mistake in giving testimony should be allowed an opportunity to correct it.

APPEAL FROM DAVIESS CIRCUIT COURT.

October 4, 1873.

OPINION BY JUDGE LINDSAY:

The receipt of Bell of date June 5th, 1869, together with the statements in Mitcheson's original answer imply a settlement of subsisting accounts up to that date, and we are inclined to the opinion that under the pleadings it was error to hear proof as to claims held by Mitcheson against Bell prior to that date. Upon this error alone, however, this court would not reverse, as we must presume the circuit judge, in making up his judgment, did not consider this irrelevant and incompetent testimony.

We are of opinion, however, that a new trial should have been granted upon the ground of newly discovered testimony. It is true that the newly discovered testimony is in one sense cumulative, but it is also true that it goes to the gist of the action and corrects (not contradicts) the statements of one of appellee's own witnesses,

which doubtless exercised a controlling influence with the court. Appellant is in no sense responsible for the want of recollection upon the part of appellee's witness and it seems to us unreasonable that the witness who avows his mistake shall not have an opportunity to correct it, and much more so that the party who suffered from the mistake, shall be precluded by a misfortune against which it is impossible for him to provide. For the error in refusing a new trial the judgment is reversed, and the cause remanded for further proper proceedings.

*T. E. Crubeber, for appellant.*

*Sweeney, Stuart, for appellee.*